## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

### CHAPTER 13 PLAN - AMENDED
### AND RELATED MOTIONS

Name of Debtor(s):    **Timothy Cornelius Whitehurst, Sr.**                    Case No:  **12-73166-FJS**

This plan, dated ___**November 13, 2012**___ , is:

☐  the *first* Chapter 13 plan filed in this case.

■  a modified Plan, which replaces the
☐confirmed or ■unconfirmed Plan dated **8/20/2012**.

Date and Time of <u>Modified Plan</u> Confirming Hearing:
**Tuesday, January 15, 2013 @ 10:30 am**
Place of <u>Modified Plan</u> Confirmation Hearing:
**Judge Santoro-Ctrm 2, US Bankruptcy Ct., 4th Fl., 600 Granby Street, Norfolk, VA  23510**

The Plan provisions modified by this filing are:
**1, 5, 11**

Creditors affected by this modification are:
**ALL**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted,</u> without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$127,511.00**
Total Non-Priority Unsecured Debt: **$101,114.64**
Total Priority Debt: **$324.04**
Total Secured Debt: **$89,019.96**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

1.      **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of **$758.00 Monthly for 4 months, then $673.00 Monthly for 32 months**.  Other payments to the Trustee are as follows: __NONE__ .  The total amount to be paid into the plan is $ __24,568.00__ .

2.      **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A.      **Administrative Claims under 11 U.S.C. § 1326.**

   1.      The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).

   2.      Debtor(s)' attorney will be paid $ __2,656.00__ balance due of the total fee of $ __3,000.00__ concurrently with or prior to the payments to remaining creditors.

   B.      **Claims under 11 U.S.C. §507.**
   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **City of Chesapeake** | **Taxes and certain other debts** | **178.04** | **Prorata** |
| | | | **1 months** |
| **City of Chesapeake** | **Taxes and certain other debts** | **146.00** | **Prorata** |
| | | | **1 months** |

3.      **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   A.      **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

   B.      **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **DT Credit Corporation** | **2000 Pontiac Montana (100,072 mi) (inoperable-needs transmission, not registered, no tags)** | **2,275.00** | **5,552.00** |

C.    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Credit Acceptance Corp.** | **2004 Chrysler Pacifica (101,300 mi)** | **170.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Credit Acceptance Corp.** | **2004 Chrysler Pacifica (101,300 mi)** | **10,770.95** | **5%** | **562.42 20 months** |

E.    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.    **Unsecured Claims.**

A.    **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately   **8**  %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately   **0**   %.

B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                                          Best Case Bankruptcy

5.      **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A.      **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Ocwen Loan Servicing, LLC** | **5001 Booker St., Chesapeake, VA 23320** **Debtor has 1/3 interest in real estate inherited from parents, debtor, debtor's brother and debtor's nephew. Deed is still in name of deceased parents.** | **598.08** | **0.00** | **0%** | **0 months** | |

B.      **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

C.      **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6.      **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

A.      **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

B.      **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

**7.**     **Liens Which Debtor(s) Seek to Avoid.**

    **A.**     **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

    **B.**     **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.**     **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.**     **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.**     **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.**     **Other provisions of this plan:**
    **Cost of sale of the real estate is $8,336  ($104,800 X .07 + $1,000.00) and the fee of a Chapter 7 Trustee for the sale would be $8,490 (25% of the first $5,000.00 of the sale price, 10% of the next $45,000.00 of the sale price, 5% of any portion of the sale price between $50,000.00 and $1,000,000.00 of the sale price and 3% of any portion of the sale price over $1,000,000.00.)**

    **Total administrative costs if sold in Chapter 7 would be $16,826.**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                                 Best Case Bankruptcy

**Signatures:**

Dated:    **November 13, 2012**

**/s/ Timothy Cornelius Whitehurst, Sr.**                                    **/s/ Amber L. Quick**

**Timothy Cornelius Whitehurst, Sr.**                                        **Amber L. Quick 76094**

**Debtor**                                                                    **Debtor's Attorney**

**Exhibits:**          **Copy of Debtor(s)' Budget (Schedules I and J);**
                       **Matrix of Parties Served with Plan**

Certificate of Service

I certify that on    **November 13, 2012**    , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Amber L. Quick**

**Amber L. Quick 76094**
Signature

**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
Address

**(757) 482-5705**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Virginia

In re   **Timothy Cornelius Whitehurst, Sr.** _____

_Debtor(s)_

Case No.   **12-73166-FJS**

Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:

**Credit Acceptance Corp.**
**25505 W 12th Mile Rd.**
**PO Box 513**
**Southfield, MI 48037**
_Name of creditor_

**2004 Chrysler Pacifica (101,300 mi)**
_Description of collateral_

1.   The attached chapter 13 plan filed by the debtor(s) proposes (_check one_):

   ■   To value your collateral.  _**See Section 3 of the plan.**_  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  _**See Section 7 of the plan.**_  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.   _**You should read the attached plan carefully for the details of how your claim is treated.**_  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:    **7 days prior to confirmation hearing**

Date and time of confirmation hearing:    **Tuesday, January 15, 2013 @ 10:30 am**

Place of confirmation hearing:    **Judge Santoro-Ctrm 2, US Bankruptcy Ct., 4th Fl., 600 Granby Street, Norfolk, VA  23510**

**Timothy Cornelius Whitehurst, Sr.**
_Name(s) of debtor(s)_

By:    **/s/ Amber L. Quick**

**Amber L. Quick 76094**
_Signature_

■ Debtor(s)' Attorney
☐ Pro se debtor

**Amber L. Quick 76094**
_Name of attorney for debtor(s)_
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
_Address of attorney [or pro se debtor]_

Tel. #   **(757) 482-5705**
Fax #   **(757) 546-9535**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ___**November 13, 2012**___.

**/s/ Amber L. Quick**
**Amber L. Quick 76094**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

| | | |
|---|---|---|
| In re | **Timothy Cornelius Whitehurst, Sr.** | Case No. **12-73166-FJS** |
| | Debtor(s) | Chapter **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**DT Credit Corporation**
**PO Box 29018**
**Phoenix, AZ 85038-9018**
*Name of creditor*

**2000 Pontiac Montana (100,072 mi) (inoperable-needs transmission, not registered, no tags)**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■    To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Tuesday, January 15, 2013 @ 10:30 am** |
| Place of confirmation hearing: | **Judge Santoro-Ctrm 2, US Bankruptcy Ct., 4th Fl., 600 Granby Street, Norfolk, VA  23510** |

**Timothy Cornelius Whitehurst, Sr.**
*Name(s) of debtor(s)*

By:   */s/ Amber L. Quick*
**Amber L. Quick 76094**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Amber L. Quick 76094**
*Name of attorney for debtor(s)*
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
*Address of attorney [or pro se debtor]*

| | |
|---|---|
| Tel. # | **(757) 482-5705** |
| Fax # | **(757) 546-9535** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

□  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **November 13, 2012**  .

**/s/ Amber L. Quick**
**Amber L. Quick 76094**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

In re   **Timothy Cornelius Whitehurst, Sr.** 

Debtor(s)

Case No.   **12-73166-FJS**

Chapter   **13**

# SPECIAL NOTICE TO SECURED CREDITOR

To:   **Ocwen Loan Servicing
Attn:  Bankruptcy Dept.
PO Box 785056
Orlando, FL 32878**

*Name of creditor*

*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■      To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:   **7 days prior to confirmation hearing**

Date and time of confirmation hearing:   **Tuesday, January 15, 2013 @ 10:30 am**

Place of confirmation hearing:   **Judge Santoro-Ctrm 2, US Bankruptcy Ct., 4th Fl., 600 Granby Street, Norfolk, VA  23510**

**Timothy Cornelius Whitehurst, Sr.**
*Name(s) of debtor(s)*

By:   **/s/ Amber L. Quick**
**Amber L. Quick 76094**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Amber L. Quick 76094**
*Name of attorney for debtor(s)*
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
*Address of attorney [or pro se debtor]*

Tel. #   **(757) 482-5705**
Fax #   **(757) 546-9535**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

      ■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

      ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **November 13, 2012**  .

 

                                              **/s/ Amber L. Quick**
                                              **Amber L. Quick 76094**
                                              *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

| | | | |
|---|---|---|---|
| In re | **Timothy Cornelius Whitehurst, Sr.** | Case No. | **12-73166-FJS** |
| | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Ocwen Loan Servicing, LLC**
**Attn: Bankruptcy Dept.**
**PO Box 24738**
**West Palm Beach, FL 33416-4738**
*Name of creditor*

**5001 Booker St., Chesapeake, VA 23320**
**Debtor has 1/3 interest in real estate inherited from parents, debtor, debtor's brother and debtor's nephew.  Deed is still in name of deceased parents.**
*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

  ■      To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

  ☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Tuesday, January 15, 2013 @ 10:30 am** |
| Place of confirmation hearing: | **Judge Santoro-Ctrm 2, US Bankruptcy Ct., 4th Fl., 600 Granby Street, Norfolk, VA  23510** |

**Timothy Cornelius Whitehurst, Sr.**
*Name(s) of debtor(s)*

By:     **/s/ Amber L. Quick**
**Amber L. Quick 76094**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Amber L. Quick 76094**
*Name of attorney for debtor(s)*
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
*Address of attorney [or pro se debtor]*

Tel. #    **(757) 482-5705**
Fax #    **(757) 546-9535**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

    ■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

    ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **November 13, 2012**  .

 

                                  **/s/ Amber L. Quick**
                                  **Amber L. Quick 76094**
                                  *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

| | | |
|---|---|---|
| In re | **Timothy Cornelius Whitehurst, Sr.** | Case No.  **12-73166-FJS** |
| | Debtor(s) | Chapter  **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Ocwen Loan Servicing, LLC**
**Attn: Bankruptcy Department**
**1661 Worthington Rd Suite 100**
**West Palm Beach, FL 33409**
*Name of creditor*

*Description of collateral*

1.       The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■        To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐        To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.       ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Tuesday, January 15, 2013 @ 10:30 am** |
| Place of confirmation hearing: | **Judge Santoro-Ctrm 2, US Bankruptcy Ct., 4th Fl., 600 Granby Street, Norfolk, VA  23510** |

**Timothy Cornelius Whitehurst, Sr.**
*Name(s) of debtor(s)*

By:    **/s/ Amber L. Quick**
**Amber L. Quick 76094**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Amber L. Quick 76094**
*Name of attorney for debtor(s)*
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
*Address of attorney [or pro se debtor]*

Tel. #    **(757) 482-5705**
Fax #    **(757) 546-9535**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

□  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **November 13, 2012**  .

**/s/ Amber L. Quick**
**Amber L. Quick 76094**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

B6I (Official Form 6I) (12/07)

In re __Timothy Cornelius Whitehurst, Sr.__                                    Case No. __12-73166-FJS__
                                    Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>Son<br>Son<br>Son<br>Son | AGE(S):<br>16<br>18<br>19<br>20 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Bus Driver** | **CNA** |
| Name of Employer | **Transit Management Company** | **Capital Senior Living Inc.** |
| How long employed | **4 yrs** | **2 Months** |
| Address of Employer | **3400 Victoria Blvd.**<br>**Hampton, VA 23661** | **Chesapeake Place Alzhiemer**<br>**1508 Volvo Pkwy.**<br>**Chesapeake, VA 23320** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **2,802.30** | $ | **1,436.88** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| | | | | |
| 3. SUBTOTAL | $ | **2,802.30** | $ | **1,436.88** |
| | | | | |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **157.10** | $ | **212.88** |
|    b. Insurance | $ | **763.58** | $ | **0.00** |
|    c. Union dues | $ | **66.00** | $ | **0.00** |
|    d. Other (Specify)   **See Detailed Income Attachment** | $ | **384.37** | $ | **0.00** |
| | | | | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **1,371.05** | $ | **212.88** |
| | | | | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **1,431.25** | $ | **1,224.00** |
| | | | | |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **0.00** |
| 11. Social security or government assistance | | | | |
| (Specify):   **V.A. Disability** | $ | **697.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ | **0.00** |
| 13. Other monthly income | | | | |
| (Specify):   **Imputed pro-rated Federal Tax Refund** | $ | **113.70** | $ | **113.70** |
| | $ | **0.00** | $ | **0.00** |
| | | | | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **810.70** | $ | **113.70** |
| | | | | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **2,241.95** | $ | **1,337.70** |
| | | | | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | **3,579.65** | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6I (Official Form 6I) (12/07)

In re    **Timothy Cornelius Whitehurst, Sr.**                          Case No.    **12-73166-FJS**
                                    Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---:|---:|
| **Avesis** | $ **15.24** | $ **0.00** |
| **Medical Reimbursement** | $ **249.95** | $ **0.00** |
| **Life Ins** | $ **26.26** | $ **0.00** |
| **Dep Life** | $ **4.50** | $ **0.00** |
| **Child Life** | $ **1.10** | $ **0.00** |
| **Retirement** | $ **87.32** | $ **0.00** |
| **Total Other Payroll Deductions** | $ **384.37** | $ **0.00** |

B6J (Official Form 6J) (12/07)

In re **Timothy Cornelius Whitehurst, Sr.**                                    Case No.   **12-73166-FJS**
                                      Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---:|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 554.80 |
| a. Are real estate taxes included? | Yes  **X**       No ___ | | |
| b. Is property insurance included? | Yes  **X**       No ___ | | |
| 2. Utilities:     a. Electricity and heating fuel | | $ | 175.00 |
| b. Water and sewer | | $ | 109.50 |
| c. Telephone | | $ | 0.00 |
| d. Other   **Bundle-internet/cable/phone** | | $ | 170.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 50.00 |
| 4. Food | | $ | 800.00 |
| 5. Clothing | | $ | 150.00 |
| 6. Laundry and dry cleaning | | $ | 60.00 |
| 7. Medical and dental expenses | | $ | 20.00 |
| 8. Transportation (not including car payments) | | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 100.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
| a. Homeowner's or renter's | | $ | 0.00 |
| b. Life | | $ | 0.00 |
| c. Health | | $ | 0.00 |
| d. Auto | | $ | 150.23 |
| e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify)   **tags, inspections, personal property taxes** | | $ | 40.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
| a. Auto | | $ | 0.00 |
| b. Other | | $ | 0.00 |
| c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other   **See Detailed Expense Attachment** | | $ | 227.00 |

| | | |
|---|---:|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 2,906.53 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ | 3,579.65 |
| b. | Average monthly expenses from Line 18 above | $ | 2,906.53 |
| c. | Monthly net income (a. minus b.) | $ | 673.12 |

B6J (Official Form 6J) (12/07)

In re   **Timothy Cornelius Whitehurst, Sr.**                                            Case No.   **12-73166-FJS**
                                    Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
### Detailed Expense Attachment

**Other Expenditures:**

| | | |
|---|---|---|
| Educational expenses for children under 18 yrs | $ | 100.00 |
| Personal care | $ | 100.00 |
| Wife-work uniforms & shoes | $ | 22.00 |
| Wife-recertification every 2 years | $ | 5.00 |
| **Total Other Expenditures** | $ | **227.00** |

Absolute Collection Service
421 Fayetteville St., Ste. 600
Raleigh, NC 27601


Ace Cash Express
6672 Indian River Road
Virginia Beach, VA 23464


Alliance Asset Mgmnt.
330 Georgetown Sq., #104
Wood Dale, IL 60191


American Medical Coll. Agency
2269 S. Saw Mill River Road
Bldg. 3
Elmsford, NY 10523


American Web Loan
522 N 14th Street
Ponca City, OK 74601


Atlantic Billing Associates
Collection Divsion
P.O. Box 62327
Virginia Beach, VA 23466


Capital Management Srvcs Inc.
726 Exchange Street Ste. 700
Buffalo, NY 14210


Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285


Chesapeake Emergency Phys.
PO Box 2028
Chesapeake, VA 23327-2028


Chesapeake Gen. Hospital
PO Box 2028
Chesapeake, VA 23320


Chesapeake General Hospital
736 N. Battlefield Blvd.
Chesapeake, VA 23320

Chesapeake Radiologists
c/o Credit Control Corp.
11821 Rock Landing Dr.
Newport News, VA 23612


Chesapeake Radiology
PO Box 1707
Chesapeake, VA 23327


Chesapeake Regional Med Ctr
736 N. Battlefield Blvd.
Chesapeake, VA 23320


City of Chesapeake
Barbara O. Carraway, Treasurer
PO Box 16495
Chesapeake, VA 23328-6495


College Assist/Co Student
c/o Account Control Tech
PO Box 8012
Canoga Park, CA 91309-8012


Collins Financial
2101 W. Ben White Blvd.
Austin, TX 78704


Commonwealth Asset Svcs Inc
281 Independence Blvd.
Pembroke One Bldg., 5th Floor
Virginia Beach, VA 23462


Cooper, Spong & Davis
200 High Street, Suite 407
Portsmouth, VA 23705-1475


Cox Communications
PO Box 79008
Baltimore, MD 21279


Credit Acceptance Corp.
25505 W 12th Mile Rd.
PO Box 513
Southfield, MI 48037

Credit Control Corp.
11821 Rock Landing Dr.
Newport News, VA 23606


Deep Creek Crossing
2516 Gilmerton Rd.
Chesapeake, VA 23320


Delta Surgical Oncology
355 Crawford St., Suite 102
Portsmouth, VA 23704-2817


Diagnostic Health
PO Box 281206
Atlanta, GA 30384-1206


Direct Loan Servicing Center
U.S. Dept. of Education
PO Box 5609
Greenville, TX 75403


Dollar Financial
c/o Progressive Financial Serv
PO Box 22083
Tempe, AZ 85285


Dominion Law Associates
222 Central Park Ave Suite 210
PO Box 62719
Virginia Beach, VA 23462


Dominion Pathology Lab
733 Boush St., Suite 200
Norfolk, VA 23510


Dominion Virginia Power
P.O. Box 26543
Richmond, VA 23229


DT Credit Corporation
PO Box 29018
Phoenix, AZ 85038-9018

Equidata
724 Thimble Shoals Blvd.
PO Box 6610
Newport News, VA 23606


ER Solutions, Inc.
800 SW 39th St.
P.O. Box 9004
Renton, WA 98057


EZ Payday Cash
4760 S. Highland Drive #654
Salt Lake City, UT 84117


Focused Healtcare Strategies
9701 Metropolitan Ct., Suite B
Richmond, VA 23236


Food Lion
c/o TRS Recovery Services
PO Box 60022
City of Industry, CA 91716-0022


Gastro Assoc of Tidewater
160 Kingsley Lane, 200
Norfolk, VA 23505


GC Services
6330 Gulfton
Houston, TX 77081


Hampton Roads Pathology
736 N. Battlefield Blvd.
Chesapeake, VA 23320


HRUBS
City of Chesapeake
306 Cedar Road
Chesapeake, VA 23322


IC Systems Collections
PO Box 64378
444 Hwy 96 E
Saint Paul, MN 55127

Lab Corp
PO Box 2240
Burlington, NC 27216-2240


Mambo Cash
105 Robino Ct. Ste 409
Wilmington, DE 19804


Moneyshop USA
2020 McDonald Ave.
Brooklyn, NY 11223


Myraid Genetic
320 Wakara Way
Salt Lake City, UT 84108


National Payday Loan
PO Box 339
Talmage, CA 95481


Nationwide Insurance
c/o NCO Financial Service
PO Box 15740
Wilmington, DE 19850


Nelnet Loans
3015 S. Parker Rd., Suite 425
Aurora, CO 80014-2904


Ntelos
401 Spring Lane, Suite 300
PO Box 1990
Waynesboro, VA 22980


Ocwen Loan Servicing
Attn: Bankruptcy Dept.
PO Box 785056
Orlando, FL 32878


Ocwen Loan Servicing, LLC
Attn: Bankruptcy Dept.
PO Box 24738
West Palm Beach, FL 33416-4738

Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
1661 Worthington Rd Suite 100
West Palm Beach, FL 33409


Paragon Way, Inc
P.O. Box 42829
Austin, TX 78704


Patient First
c/o Receivables Management
PO Box 8630
Richmond, VA 23226-0630


Permanent General Assurance
PO Box 305054
Nashville, TN 37230-5054


Premiere Credit
2002 Wsley
Indianapolis, IN 46219


Progressive
PO Box 31260
Tampa, FL 33631


Quick Cash
910 Great Bridge Blvd.
Chesapeake, VA 23320


Receivable Management Ntwrk
PO Box 79698
Baltimore, MD 21279


Red Flex for Chesapeake VA
c/o Alliance One Receivables
6565 Kimball Dr., Suite 200
Gig Harbor, WA 98335


Redstone Financial
PO Box 368
Timber Lake, SD 57656

Santander Consumer USA
PO Box 660633
Dallas, TX 75266


Santander Consumer USA
8585 N Stemmons Frwy, Ste 1000
Dallas, TX 75247


Santander Consumer USA Inc.
PO Box 961245
Fort Worth, TX 76161


Sentara Collections
535 Independence Pkwy, #700
Chesapeake, VA 23320


Sentara Family Medicine
213 Riverwalk Pkwy., Suite 101
Chesapeake, VA 23320


Sentara Hand Surgery
200 Medical Pkwy., Suite 210
Chesapeake, VA 23320


Sentara Medical Group
P.O. Box 179
Norfolk, VA 23501


Sonic Cash
Apartado Postal 1536-1200
San Jose Costa Rica


Sports Medicine & Orthopeadic
c/o Credit Control Corp.
11821 Rock Landing Rd.
Newport News, VA 23612


Sprint
PO Box 3326
Englewood, CO 80155


Suffolk Medical Associates
PO Box 7068
Portsmouth, VA 23707

Surgery Center of Chesapeake
844 Battlefield Blvd N.
Chesapeake, VA 23327


Sykes Bourdon Ahern & Levy, PC
Pembroke One 5th Floor
281 Independence Blvd.
Virginia Beach, VA 23462


Tidewater Emergency Medical
736 Battlefield Blvd. N
Chesapeake, VA 23320


Tidewater Gastro-Ches Office
112 Gainsborough Sq., Ste 200
Chesapeake, VA 23320


TRS Recovery Service Inc
PO Box 60022
City Of Industry, CA 91716


USAA
9800 Fredricksburg Road
San Antonio, TX 78288


Verizon Inc.
P.O. Box 3427
Bloomington, IL 61710


Verizon Virginia, Inc.
500 Technology Drive, Ste. 300
Saint Charles, MO 63304


Wells Fargo/Hilco
c/o NAFS
PO Box 9027
Buffalo, NY 14231-9027